430

## HOLLOWAY v. DYKES.

District Court, N. D. Oklahoma. December 13, 1928.

No. 428–E.

Green & Farmer, of Tulsa, Okl., for plaintiff.

George B. Schwabe, of Tulsa, Okl., for defendant.

KENNAMER, District Judge. This action is to recover certain deposits made in the First National Bank of Collinsville, Okl., on the 3d day of January, 1927, and to adjudge such deposits trust funds and that the claim of the plaintiff be allowed as a preference over the general creditors of the bank. The evidence introduced establishes the following facts:

That for several months prior to January 4, 1927, the First National Bank of Collinsville was hopelessly insolvent, and that such insolvency was known to the president and other managing officers of said bank.

On the morning of January 3, 1927, the president of the First National Bank was in Kansas City in the office of the chief national bank examiner and was advised that the bank would have to be closed.

The deposits involved in this action were made in the bank on the afternoon of January 3, 1927; the bank was taken over by the national bank examiner and did not open for business on the morning of January 4, 1927. The majority of the deposits involved consisted of checks drawn on the First State Bank of Collinsville and were collected by the national bank examiner after the bank was taken over by the bank examiners.

Where a bank is hopelessly insolvent and receives a deposit with the knowledge of such insolvency and fails, this is such a fraud upon the depositor that he may rescind the contract of deposit and reclaim the amount so deposited, or its proceeds, if traced into the assets of the bank going into the hands of the receiver. St. Louis & S. F. R. Co. v. Johnston, 133 U. S. 566, 10 S. Ct. 390, 33 L. Ed. 683; Richardson v. New Orleans Coffee Co., Limited, 102 F. 785 (5th C. C. A.).

Whether title to a check passes to the bank in which it is deposited must be determined by ascertaining the intention of the parties. The intention of the parties may be ascertained from a consideration of a course of conduct or the ordinary course of business as disclosed by the evidence.

Where the depositor has ordinarily received credit in the amount of checks, drafts, or other negotiable paper with the privilege of checking against it, it may be implied from the circumstance it was the intention that title to such negotiable paper passed to the bank. However, the question of intention must be determined from the evidence introduced on the trial. Fayette Nat. Bank v. Summers, 105 Va. 689, 54 S. E. 862, 7 L. R. A. (N. S.) 694.

In this action the evidence is clear that the checks deposited on a form of deposit receipt were received only for collection by the bank.

The rule is well established that, where a customer of the bank deposits checks and drafts for collection at a time when the bank was insolvent and known to be so by its officers and they had not been collected when

the bank closed its doors, they remained the property of the depositors, although they were indorsed to the bank without qualifications and on their subsequent collection by the receiver the proceeds may be recovered from him by the depositors. Richardson v. New Orleans Coffee Co., supra.

Plaintiff in this action is entitled to recover on his first, third, fourth, fifth, and seventh causes of action as prayed for in the bill, that proper decree be entered.